1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   United States of America,                )   No. CV-11-1545-PHX-JAT (MHB)
                                             )
10            Respondent/Plaintiff,          )   CR-04-011-PHX-JAT
                                             )
11  vs.                                      )
                                             )   **REPORT AND RECOMMENDATION**
12                                           )
    Jose Angel Sanchez-Castaneda,            )
13                                           )
              Movant/Defendant.              )
14                                           )
                                             )
15  _____)

16  TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

17          This matter comes before this Court upon consideration of a Motion to Vacate

18  Sentence Pursuant to 28 U.S.C. §2255 (hereinafter, "§2255 motion"), filed on August 5,

19  2011, by Movant Jose Angel Sanchez-Castaneda, (CVDoc. 1.)[1]  Respondent, the United

20  States of America, filed a Response on December 12, 2011. (CVDoc. 6.)  The Response was

21  limited to affirmative defenses, as permitted by the Court (CVDoc. 3, at 3).  Movant did not

22  file a Reply.

23                                **BACKGROUND**

24          On January 8, 2004, Movant was indicted by a federal grand jury on two felony

25  counts: Conspiracy to Possess with Intent to Distribute 5 kilograms or more of Cocaine, in

26

27  _____

28          [1]All documents filed in CV-11-1545 will be designated as "CVDoc" and all
    documents filed in the related criminal action, CR-04-0011 will be designated as "CRDoc."

1    violation of 21 U.S.C. §846, §841(a)(1), and (b)(1)(A)(ii)(II) (Count I); and Possession with

2    Intent to Distribute 5 kilograms or more of Cocaine, in violation of 21 U.S.C. §841(a)(1), and

3    (b)(1)(A)(ii)(II) (Count II). (CRDoc. 1.) Movant was arrested on the charges and eventually

4    entered into a plea agreement. (CRDoc. 44.) Movant plead guilty to Count I, and, pursuant

5    to Fed.R.Crim.P. 11(c)(1)©), the parties agreed that he would be sentenced to no more than

6    168 months in prison. (Id.)

7        Movant entered his plea before the Court on March 31, 2008. (Transcript of Plea

8    Proceedings, hereinafter CVDoc. 1-2, at 2-25.) Movant was sentenced on July 23, 2008, to

9    168 months in prison. (CRDoc 45.)

10        On October 29, 2010, nearly 2-years after Movant was sentenced, he filed a notice of

11    appeal. (CRDoc. 54.) The Ninth Circuit Court of Appeals dismissed the appeal as untimely

12    on January 12, 2011, pursuant to Fed.R.App.P. 4(b)(1)(A) (an appeal must be filed within

13    14 days of judgment). (CRDoc. 59-1.) Nearly 7-months later, on August 5, 2011, Movant

14    filed his §2255 motion. (CVDoc 1.) Therein, he raises the following issues:

15

16       Ground One: Movant claims that he received ineffective assistance of counsel because his attorney failed to properly advise him during the plea process and failed to ensure that he understood the nature and consequences of his guilty plea.

17

18       Ground Two: Movant asserts that he received ineffective assistance of counsel because his attorney failed to file objections to the presentence report and failed to challenge the report's computations.

19

20       Ground Three: Movant alleges that he received ineffective assistance of counsel because his attorney failed to perfect an appeal and Movant plead guilty without understanding the nature of the charge and the consequences of his plea.

21

22       Ground Four: Movant alleges that the cumulative effect of his counsel's errors resulted in Movant receiving ineffective assistance of counsel.

23       Ground Five: Movant contends that his attorney was "ineffective by misrepresent[ing] the factual basis of [the] government's prof[f]er[]ed plea agreement, which was a fraud in violation to the Rule 11."

24

25       Ground Six: Movant claims that he received ineffective assistance of counsel because his attorney did not advise him that he "was almost certain to be deported if he ple[]d guilty," and also contends that the Court did not inform him of the likelihood that he would be deported if he plead guilty.

26

27    (CVDoc. 1, at 32-65.)

28        In response, Respondent argues that Movant's §2255 motion is time-barred, as it was

filed after the 1-year statute of limitations had expired, and that Movant waived his right to assert a §2255 motion in his plea agreement.  (CVDoc. 6, at 4-9.)

**LAW**

A.      Statute of Limitations.

The Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for federal prisoners to file a motion collaterally attacking their convictions. The limitations period runs from the latest of, as is pertinent here:

> (1) the date on which the judgment of conviction becomes final, or ... (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Movant's judgment became final on August 7, 2008, fourteen days after judgment was entered, as he did not file a notice of appeal.  Movant does not allege any facts in support of his claims that were discovered after his sentencing[2].  Thus, Movant was required to file his §2255 motion on or before August 8, 2009.  Movant did not file his §2255 motion until August 4, 2011, over three years after his judgment and sentence.

Movant's untimely appeal does not affect the statute of limitations analysis.  The filing of an untimely appeal does not restart the limitations clock.  See, United States v. Buckles, 647 F.3d 883, 888-889 (9th Cir. 2011) (the Supreme Court's denial of an untimely petition for certiorari did not create a new date on which the judgment of conviction became final for purposes of determining the timeliness of a §2255 motion).  In the instant case, Movant did not file his notice of appeal until the 1-year limitations period had already expired. Thus, his motion is untimely under the AEDPA.

B.      Equitable Tolling.

In order for a petitioner to be entitled to equitable tolling of AEDPA's 1-year limitations period, he must show: "(1) that he has been pursuing his rights diligently, and (2)

---

[2]Although one of Movant's claims is that his counsel did not advise him that he may be deported, he does not set forth the date he learned of the basis for this claim, or any other facts, other than this general complaint.

that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (citation omitted).  Equitable tolling is appropriate only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (citations omitted) (tolling of statute of limitations due to extraordinary circumstances requires that a defendant diligently pursue his claim).  A petitioner bears the burden of establishing that he pursued his rights diligently and that some extraordinary circumstances stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Grounds for equitable tolling are "highly fact-dependent." Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003), citing Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000) (en banc).

Movant alleges ineffective assistance of counsel, but does not explain how his counsel's ineffectiveness interfered with his ability to file his §2255 motion within the 1-year statute of limitations.  See, Buckles, 647 F.3d at 890 (holding that the movant was not entitled to equitable tolling notwithstanding his counsel's alleged misconduct because it had "no effect" on the timeliness of his motion); Randle v. Crawford, 604 F.3d 1047, 1055 (9th Cir. 2010) (defendant failed to show how his counsel's failure to file an appeal prevented him from filing of a habeas action).  In fact, Movant's §2255 motion indicates that he was aware of the basis for most of his claims of ineffectiveness on the date of his sentencing: ground one - attorney's improper inducement to enter unknowing and unintelligent plea (CVDoc 1, at 34): ground two - attorney's failure to meet with Movant and his family prior to presentence interview (Id., at 39): ground four - cumulative errors (Id., at 52): ground five - counsel's misrepresentation of the factual basis of the plea agreement (Id., at 53). As to the basis for ground five - counsel's failure to file a notice of appeal - Movant does not indicate why his counsel's failure prevented him from filing his §2255 motion within the 1-year statute of limitation, or even within the 2-years that had past before his filed his *pro se* notice of appeal.  As to the basis for ground six - counsel's failure to advise Movant that he was almost certain to be deported if he plead guilty - Movant does not set forth any facts in support of this claim to aid the court in determining how this claim could support equitable

tolling in this case.

Thus, Movant has not provided a basis for the equitable tolling of the statute of limitations, and therefore, his §2255 motion should be dismissed as untimely.

C.      Plea Waiver Provision.

Movant's plea agreement contained the following paragraph under the header "WAIVER OF DEFENSES AND APPEAL RIGHTS:"

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant, providing the sentencing is consistent with this agreement. The defendant further waives: (2) any right to appeal the Court's entry of judgment against the defendant, (2) any right to appeal the imposition of sentence upon defendant under Title 18, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentencing in this case."

(CRDoc. 44, at 4.)

It is well settled that a defendant who voluntarily and intelligently pleads guilty to a charge with the advise of competent counsel waives the right to collaterally attack the judgment of guilt. Mabry v. Johnson, 467 U.S. 504, 508-09 (1984), abrogated in part on other grounds, Puckett v. United States, – U.S. –, 129 S.Ct. 1423 (2009); United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000) (a knowing and voluntary waiver of a statutory right, such as the right to file a petition for relief under §2255 is enforceable).   The Ninth Circuit has raised doubts that, despite an express waiver, a defendant would be precluded from raising an ineffective assistance claim in a §2255 proceeding if the alleged ineffective assistance affected the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself.  United States v. Jeronimo 398 F.3d 1149, 1157 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947 (9th Cir. 2007) (en banc).

In Jeronimo, the Ninth Circuit Court of Appeals concluded that the District Court did not have jurisdiction to consider the appeal of a movant who had waived his right to collaterally attack his conviction in a plea agreement because the agreement was knowing

1   and voluntary on its face, stating: " A defendant's waiver of his appellate rights is

2   enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds

3   raised, and (2) the waiver is knowingly and voluntarily made." Id.; accord, U.S. v. Rahman,

4   642 F.3d 1257, 1259 (9th Cir. 2011).

5        During Movant's change of plea proceeding, the Court discussed with Movant the

6   essential terms of the plea agreement, including the appeal waiver:

7        THE COURT: and in this plea agreement ... by signing it you are agreeing to
    waive certain defenses and appeal rights found on page 4 of the plea agreement

8   where you are agreeing to waive any and all motions, defenses, probable cause
    determinations, or objections which you might assert to the indictment or the

9   entry of judgment against you or the sentence imposed upon you as long as
    that sentence is consistent with the plea agreement. You're also waiving your

10  right to appeal the judgment and sentence imposed upon you and waiving and
    giving up the right to collaterally attack your conviction and sentence under 28

11  2255 or any other collateral attack. So by signing this plea agreement you're
    waiving and giving up these defenses and appeal rights that are all set forth in

12  this paragraph in the plea agreement. Do you understand what you are doing?

13       THE DEFENDANT: Yes.
    (Transcript of Sentencing, attached as an exhibit to Movant's §2255 motion, CVDoc. 1-2.,

14  at 11-12.)

15  Movant confirmed that he had reviewed the entire plea agreement with his counsel, that it

16  contained all of the agreements between him and the government, and that no one threatened

17  him or used force to get him to enter into the plea agreement. (Id., at 12-15.) Movant also

18  confirmed that he was entering into the plea agreement voluntarily, and that he was satisfied

19  with his lawyer's representation. (Id., at 15-16, 10.)

20       Movant advised the Court that he was aware of the maximum penalties provided by

21  law for his offense, that his offense carried a minimum term of 10-years in prison, and that

22  a minimum term of 5-years of supervised release would follow his release from

23  imprisonment. (CVDoc. 1-2, at 16-17.)  He also acknowledged that the plea agreement

24  contained an agreement to a stipulated cap of 168 months imprisonment, and that neither

25  Movant's lawyer or the Court could tell him at the time of his change of plea precisely what

26  his sentence would be. (Id., at 19-21.) The Court then discussed the elements of the offense

27  that the government would have to prove at a trial with Movant, and then read, from the plea

28  agreement, the factual basis for the guilty plea. (Id., at 22-24.) Movant acknowledged his

understanding the elements of the offense, and agreed that the government could prove the factual basis beyond a reasonable doubt.  (Id., at 24.)  Movant then entered his guilty plea to one count of Conspiracy to Possess with the Intent to Distribute Five Kilograms or More of Cocaine, and confirmed that he was pleading guilty because he was guilty of the charge.  (Id.)

The Court found that Movant's plea of guilty had been "knowingly, intelligently and voluntarily made." (CVDoc 1-2, at 24.)  At sentencing, nearly 4-months later, Movant was asked again if he was satisfied with his counsel and Movant replied, "yes."  (Id., at 44.)  Although the Court determined that Movant's total guideline offense level was 37, and criminal history category III, resulting in a guideline sentencing range of 262-327 months, the Court varied from this range, considering the factors set forth in 18 U.S.C. §3553, and imposed a sentence of 168 months.  (Id., at 48.)  The Court then confirmed with Movant that he had agreed in his plea agreement to waive his right to appeal. (Id., at 50.)

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary.  Cf., United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991). Movant has not produced any evidence that suggests that his plea agreement was invalid or his waiver involuntary.  Based upon this record, the Court finds that Movant was sentenced consistent with the terms of his plea agreement, and that Movant's waiver of his right to appeal and collaterally attack his sentence was knowing and voluntary.  Even if Movant's counsel ignored his instruction to file a notice of appeal, this fact would have no bearing on the validity of, or the enforceability of his waiver of his right to collaterally attack his conviction and sentence.

## CONCLUSION

Movant has not alleged specific facts, if true, that would entitle him to relief, and thus he has not earned the right to an evidentiary hearing.  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996). The motion and the files and records of Movant's case "conclusively show that [Movant] is entitled to no relief."  28 U.S.C. §2255.  Movant's

request for a hearing, and request to vacate, set aside or correct his sentence should therefore be denied.

**IT IS THEREFORE RECOMMENDED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CVDoc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because jurists of reason would not find it debatable whether the motion states a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 14th day of May, 2012.

_Michelle H. Burns_

Michelle H. Burns
United States Magistrate Judge